UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. P.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.: 22-CV-1665 JLS (DEB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**<br><br>(ECF No. 26) |

Presently before the Court is Plaintiff David A. P.'s Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Mot.," ECF No. 26). Also before the Court is Defendant Commissioner of Social Security's Non-Opposition to Plaintiff's Motion ("Non-Opp'n," ECF No. 28). Having considered the Motion and the law, the Court **GRANTS** the Motion and **AWARDS** Plaintiff fees in the amount of $4,390.20 and costs in the amount of $6.57.

## BACKGROUND

On October 26, 2022, Plaintiff filed a Complaint requesting the Court reverse Defendant's decision denying Plaintiff disability insurance benefits or remand the case for further administrative proceedings. *See generally* ECF No. 1. After the filing of the Administrative Record but before the filing of a response to the Complaint, the Parties filed

a Stipulation to Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and to Entry of Judgment, *see* ECF No. 24, which this Court approved, *see* ECF No. 25. Plaintiff filed the present Motion on July 20, 2023. *See* Mot. The Court requested a response from Defendant, *see* ECF No. 27, and Defendant's Non-Opposition followed, *see* Non-Opp'n.

## LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The EAJA also permits an award of costs to the prevailing party in accordance with 28 U.S.C. § 1920. *See* 28 U.S.C. § 2412(a)(1). Pursuant to Civil Local Rule 54.1(b)(1), "[i]t is the custom of the Court to allow certain items of costs not otherwise allowed or prohibited by statute or by specific order," including "[f]ees for service of process."

## ANALYSIS

"Under the EAJA, attorneys' fees are to be awarded to a party winning a sentence-four remand unless the Commissioner shows that his position with respect to the issue on which the district court based its remand was 'substantially justified.'" *Ulugalu v. Berryhill*, No. 17-cv-1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002)). Defendant does not oppose the instant request for fees and costs, nor does Defendant argue that the Social Security Administration's position was substantially justified. *See generally* Non-Opp'n. The Court thus finds that an award of fees is warranted here.

The quantum of fees awarded under the EAJA is based upon prevailing market rates for the kind and quality of the services provided. 28 U.S.C. § 2412(d)(2)(A). Such fees, however, shall not exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* § 2412(d)(2)(A)(ii). For 2022, the Ninth Circuit's statutory maximum rate under the EAJA, factoring in cost of living, was $234.95; for the first half of 2023, the rate was $242.78. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Aug. 3, 2023).

Here, Plaintiff requests fees for 11.2 hours of attorney work (2.1 hours at the hourly rate of $234.95, totaling $493.40, and 9.1 hours at the hourly rate of $242.78, totaling $2,209.30) in the total sum of $2,702.70. *See* Attorney's Affirmation in Support of Fees ("Affirm.," ECF No. 26-2) ¶ 5. Plaintiff also requests fees for 13.5 hours of paralegal time at the rate of $125.00 per hour, totaling $1,687.50. *See id.* ¶ 6. Combined, Plaintiff seeks fees totaling $4,390.20. *See id.* The Court finds both the rates requested and the hours expended to be reasonable. *Cf. Ulugalu*, 2018 WL 2012330, at *3–4 (approving award of fees at the then-prevailing Ninth Circuit EAJA rate for 25.3 attorney hours and 9.9 paralegal hours worked). Further, Defendant has indicated its non-opposition to Plaintiff's request. *See generally* Non-Opp'n. Accordingly, the Court finds the fees requested by Plaintiff reasonable and awardable.

Plaintiff further requests reimbursement of $6.57 for the certified mailing of the summons and Complaint to the U.S. Marshal Service. *See* Affirm. ¶ 8. The Court finds an award of costs in this amount, representing Plaintiff's fees for service of process, reasonable and awardable as well. *See* CivLR 54.1(b)(1).

## CONCLUSION

Good cause appearing, the Court **GRANTS** Plaintiff's Motion (ECF No. 26) and **AWARDS** Plaintiff fees in the amount of $4,390.20 and costs in the amount of $6.57,

subject to any offset allowed under the United States Department of the Treasury's Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010).

**IT IS SO ORDERED.**

Dated:  August 11, 2023

Hon. Janis L. Sammartino
United States District Judge